# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-196V
Filed: August 9, 2013

************************************

CARL CAMPAGNA,

Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

************************************

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*Gil L. Daley, II,* Law Office of Gil L. Daley, II, P.C., Ft. Worth, TX, for Petitioner.
*Chrysovalantis Kefalas*, United States Dep't of Justice, Washington, DC, for Respondent

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 8, 2013, the parties in the above-captioned case filed a Stipulation of Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests an award of $36,140.00 in attorneys' fees and $1,546.57 in attorneys' costs for a total award of $37,686.57, to which

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). The decisions of the special master will be made available to the public with the exception of those portions that contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the special master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Respondent does not object. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. In accordance with 42 U.S.C. § 300aa-15(e), the special master awards the amount to which Respondent does not object.

Petitioner alleged that he suffered an adverse reaction as a consequence of his receipt of a Diphtheria-Tetanus ("DT") vaccine received on or about March 28, 2009. Petitioner also alleged residual effects of this injury for more than six months and that he has not otherwise received compensation for such injuries. A decision awarding compensation based upon the parties' stipulation was entered on June 18, 2013.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The special master also finds that the stipulated amount of $37,686.57, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Carl Campagna) and Petitioner's counsel (Gil L. Daley, II, Law Office of Gil L. Daley, II, P.C.), the amount of $36,140.00 in attorneys' fees and $1,546.57 in attorneys' costs for a total of $37,686.57, pursuant to 42 U.S.C. § 300aa-15(e);**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.